Submitted February 10, affirmed February 24, 1960

ENGLISH *v.* ROYCE ET AL

349 P. 2d 660

Stern, Reiter, Day & Anderson, Portland for appellants.

McCarty & Rosacker, Portland, for respondents.

PERRY, J.

This is an action brought by plaintiff against defendants to recover damages for personal injuries suffered by him as a result of an automobile collision. The cause was tried to a jury, plaintiff prevailed, and defendants appeal.

The facts, insofar as pertinent, disclose that plaintiff had stopped his automobile on southwest Barbur Boulevard in Portland, as commanded by a red traffic light; that while stopped a taxicab owned by defendants E. Royce, B. Royce, Isabelle H. Royce and Dora F. Royce, dba Yellow Cab Co., operated by their employee defendant Wesley E. Ramel, struck the rear of plaintiff's car, which resulted in injuries to plaintiff's back and neck.

1. Defendants' first assignment of error is based upon the refusal of the trial court to grant their motion to withdraw from the consideration of the jury plaintiff's allegation that defendants were negligent "in failing to stop the progress of said automobile as required of said traffic control sign before entering said intersection."

The defendants' contention is that there is no evidence that defendants' taxicab was even driven into the intersection at the time of this accident, but in

fact after the collision occurred it stopped prior to entering the intersection.

■ It is, of course, error to submit to the jury a particular act of negligence charged, when there is no evidence to support such charge. *Layne v. Portland Traction Co.*, 212 Or 658, 319 P2d 884, 321 P2d 312. It must be conceded that defendants' taxicab never entered the intersection and the collision did not occur therein, but an examination of the record leads us to the conclusion that the interpretation of this allegation of negligence as sought by the defendants was not the interpretation placed thereon by the trial court or jury.

The defendants' contention seems to be based upon the belief that this allegation stresses the fact that the defendants are charged with running a red light and colliding with plaintiff's car in the intersection. It is clear from the instructions that the trial court considered this allegation to mean only that the defendants' taxicab failed to stop as commanded by a red traffic signal light.

Under all of the circumstances of this case and the instructions of the trial court, we are unable to see how a jury could have been misled to the prejudice of the defendants.

■ Defendants' second assignment of error is that the trial court failed to withdraw from the consideration of the jury the plaintiff's allegation that the defendants were negligent in failing to maintain a proper lookout.

It would add nothing to the jurisprudence of this state to discuss the evidence from which the jury could conclude that defendants were negligent in this respect. It is sufficient to state that the record before us amply supports the conclusion that the trial

court properly submitted the question of defendants' negligence in this particular to the jury.

■ The defendants' final assignment of error is that there was no substantial evidence that the plaintiff's injuries were permanent. Dr. Shuler, whose qualifications were admitted by the defendants testified as follows:

"Q  It's your testimony, doctor, that in your opinion is it temporary or permanent, which?

"A  I think it will be intermittent, off and on for a undetermined length of time. I don't know. You can't always tell how long it will last, but the thing is that with it being so consistent all along I feel that it would be a permanent thing that from time to time when he gets too tired and when he gets excessive strain that he would have some achingness in his back and neck."

It would seem, without question, that this evidence points to the reasonable probability the injury was permanent in nature.

Finding no reversible error, the judgment of the trial court is affirmed.